IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND P. IDLEMAN,

    Petitioner,                   No. CIV S-02-2211 FCD GGH P

    vs.

TOM L. CAREY, Warden, et al.,

    Respondent.                ORDER and FINDINGS &amp;
    _____/    RECOMMENDATIONS

        By order filed on July 14, 2005, petitioner was ordered to show cause for his failure to file a third amended petition and for why the stay imposed in this matter should not be lifted and why, thereafter, this action should not either be dismissed for petitioner's failure to file a third amended petition within a reasonable period of time or why the matter should not simply proceed upon the claims filed in the second amended petition. Petitioner's case has been stayed since June 16, 2003, for two and one-half years at this point. In the June 16, 2003 order adopting this court's April 16, 2003 Findings and Recommendations recommending a stay of petitioner's second amended petition pending exhaustion, petitioner was "directed to file a third amended petition containing all of his claims immediately upon exhaustion of his unexhausted claims in the highest state court." Order, filed on June 16, 2003, p. 2.

        Petitioner's only response to the court's order has been that the issues are complex and cause a strain upon him and that he has a mental handicap for which he takes medication

1  twice a day.  He also seeks appointment of counsel.  Petitioner's response is simply inadequate
2  and the court does not find that, in this case and on this showing, that appointment of counsel is
3  warranted.   There currently exists no absolute right to appointment of counsel in habeas
4  proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C.
5  § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice
6  so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does
7  not find that the interests of justice would be served by the appointment of counsel at the present
8  time.

9      Petitioner has made no effort to show that he has taken any steps whatever in
10 attempting to exhaust any unexhausted claims in the more than two years that have elapsed since
11 the stay was imposed.  See Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005)
12 ("[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the
13 stay is limited by the timeliness concerns reflected in AEDPA").   The court will now
14 recommend lifting the stay imposed and proceeding on the second amended petition.

15     Accordingly, IT IS HEREBY ORDERED that petitioner's September 2, 2005
16 request for appointment of counsel is denied without prejudice.

17     IT IS RECOMMENDED that the stay in this matter imposed on June 16, 2003 be
18 lifted and this matter proceed on the second amended petition, filed on April 2, 2003.

19 \\\\\
20 \\\\\
21 \\\\\
22 \\\\\
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   1/9/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:009
idle2211.sac